## F. J. Lewis Manufacturing Company, Appellee, v. Ira M. Cobe, Appellant.

### Gen. No. 17,479.

1. CONTRACTS—*modification.* Where plaintiff enters into a contract guarantied by defendant with an automobile club, to do certain work in preparing a road and after he enters upon the work, at the request of defendant acting for the club, a new agreement is entered into whereby oil is to be used instead of taroid and the contract price reduced $700, a warranty included in the first agreement that the road would be suitable for races and remain in good condition does not cover the new arrangement.

2. DAMAGES—*for delay in completion of contract.* In an action to recover for work done on a road for an automobile club, guarantied by defendant, the defendant is not entitled to be allowed the damages stipulated in the contract in case of delay in completion, where part of the delay is caused by the club.

3. APPEALS AND ERRORS—*interest for unreasonable and vexatious delay in payment.* In an action on a contract for preparing a road, a judgment including interest allowed by the jury because of an unreasonable and vexatious delay in payment is affirmed, defendant having had two jury trials with substantially the same result.

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM C. DE WOLF, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed May 26, 1913.

FOREMAN, LEVIN & ROBERTSON, for appellant.

ELMER & COHEN, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The plaintiff, here the appellee, entered into a contract with the Chicago Automobile Club, guaranteed by the defendant, here the appellant, wherein it was agreed that the plaintiff would do certain work in preparation of about twenty-three miles of road near Crown Point, Indiana, for certain automobile races to be conducted by the said Club. The work agreed to be done was covered by six specifications and fol-

lowed by provisions whereby the plaintiff agreed, "notwithstanding the specifications in the foregoing paragraphs, he will perform all such other and further work as may be necessary to put the road into good condition for the purposes of said races, and any additional labor or material that may be necessary to place said roads in good condition for the purpose of said races shall be done and performed by second party without additional cost or charge;" and also "warrants that the methods of construction by it employed shall be such that the road shall be suitable for the purposes contemplated herein, and shall continue to be in such good condition until the road race of June 19th shall be run."

After the plaintiff had begun the work under said contract, Mr. Ira M. Cobe, the President of the said Chicago Automobile Club, acting in its behalf, had certain conversations with the Lewis Brothers, officers of the plaintiff, a corporation, in relation to changing the specifications as applied to the work on about two and a half miles of the said road, the said portion being spoken of as the "gravel road," and will hereinafter be referred to by that name. The result of the said conversations was that a verbal agreement was made changing the specifications in relation to that portion of the race course known as the gravel road, and by reason of the said change a reduction of $700 in the contract price was agreed upon by the parties. The road was completed and the races ran as arranged. The plaintiff thereupon demanded the payment of $7,420, the balance unpaid on the contract price, after deducting therefrom the said $700, and payment thereof being refused brought an action of the first class in the Municipal Court of Chicago against the defendant on his guaranty. The issues were submitted to a jury, who found for the plaintiff and assessed its damages at $7,791, and judgment was entered thereon about two months thereafter for $7,888.38, the court including therein, under the statute, the interest on the amount

of the verdict from the time of its return to the time of the judgment, and the defendant appealed therefrom.

It is contended by the defendant that the plaintiff failed to prove either a strict or substantial compliance with its contract; and if it be held there was a substantial compliance, the rule of substantial compliance is not applicable to the case. Whether the rule of substantial compliance is applicable is not necessary to determine. The question of a compliance with the contract as modified was submitted to the jury under instructions of the court, of which no complaint is made. The jury found that the contract as modified was complied with by the plaintiff; and we are of the opinion that it was clearly proven that the road was prepared in accordance with the specifications of the modified contract.

However, the evidence shows that the two and a half miles of the course described as the gravel road became rough, with some twenty holes therein, during the first races; and the defendant insists that this was not a performance of the contract, but was a breach of the warranty that the road as prepared by the plaintiff under the terms of the contract would be in good condition for the said races throughout the same, for which breach of the contract he could recoup damages.

The specifications in the written contract called for a binding of the road by an application of taroid. After the plaintiff began work on the road under this contract the evidence tends to show that the defendant, acting for the Club, stopped the work on the gravel road for the purpose of having an expert on road building examine the same and advise as to the best manner of preparing the same for the races. This was done and the expert advised that oil be used instead of taroid, and on the request of the defendant, acting for the Club, a change was made in the said specifications as applied to the gravel road and oil

was used thereon instead of taroid.   This preparation being less expensive than that first undertaken by the plaintiff, a reduction of $700 from the contract price was agreed on by the parties.   As stated, the gravel road thus prepared did not remain in good condition during the races, although the remainder of the course appears to have been satisfactory.   By the written contract the plaintiff agreed and bound itself to prepare the said race course in a certain manner and that it would do the work "necessary to put the road into good condition for the purpose of said races," etc.; and how the clause in the contract that it "warrants that the methods of construction by it employed shall be such that the road shall be suitable for the purposes contemplated herein," etc., imposed any additional duty or created an additional liability, we are unable to see.   If, however, as an express warranty, it did create an additional liability on the original contract, there is no proof of any kind that the said warranty applied to the subsequent agreement made in relation to the preparation of the said gravel road.   But it clearly appears that by the written contract the plaintiff undertook to prepare the road in such manner that it would remain in good condition throughout the races. Was the condition of the gravel road as shown by the evidence to be held a breach of the contract?   The evidence in regard to the subsequent verbal agreement pertaining to the preparation of the gravel road was in some respects conflicting, but the jury evidently took the view that the plaintiff performed the work on that part of the course in accordance with the subsequent agreement in relation thereto, and that the same was done as required by the Club, through the defendant, on the advice of his expert road builder.   We think the evidence supports this conclusion, and as there was no evidence that the plaintiff undertook in the subsequent agreement to be responsible for the sufficiency for racing purposes of the work therein agreed to be performed, there was no duty devolving upon the

plaintiff in regard thereto except to construct same as agreed. The evidence tends to show that this was done by the plaintiff; and under the circumstances we do not think that the agreement first made upon the part of the plaintiff that the road to be constructed by it thereunder would be suitable for races and remain in good condition throughout the same, covered the new and different arrangement entered into at the request of the defendant acting for the said Club in relation to the preparation of the gravel road.

The defendant claims he was entitled to be allowed the damages stipulated in the contract in case of a delay in the completion of the said work. The evidence tends to show a certain part of the delay was caused by the said Club, and, further, we think the evidence proves that clause of the contract was expressly waived. The claim that interest should not have been allowed by the jury because of an unreasonable and vexatious delay in the payment, because there was no liability therefor, is untenable. The defendant has had two jury trials with substantially the same result, and there appearing to us no reversible error in the record, the judgment is affirmed.

*Affirmed.*